# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RONALD ODELL KING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:19-cv-01923-AMM-JHE |
| CO MCLEMORE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed a Report on January 22, 2021, recommending the defendants' special report be treated as a motion for summary judgment and further recommending that the motion be granted in part and denied in part. Doc. 26. Specifically, the magistrate judge recommended that the defendants' motion for summary judgment be granted on the plaintiff's Eighth Amendment excessive force claims against them in their official capacities for monetary relief. *Id*. at 6. The magistrate judge further recommended that the defendants' motion for summary judgment be denied as to the plaintiff's Eighth Amendment excessive force claims against them in their individual capacities. *Id*. at 11. The defendants filed objections to the Report and Recommendation on February 5, 2021. Doc. 27.

The defendants make the following arguments in their objections: "there is no demonstrated material difference" in the facts presented by the parties; "Plaintiff's

claim of 'different statements' amounts to nothing more than a flimsy allegation"; and "Plaintiff's claim . . . does not present facts upon which inferences can be drawn in Plaintiff's favor." *Id.* at 3. But the Report and Recommendation accurately reflects the stark contrast between the parties' version of the facts. Doc. 26 at 4–5, n.3, 8–9.[1] Standing alone, this disparity is a sufficient basis to overrule defendants' objections and deny summary judgment. "One cannot 'refute' a witness's statements using another witness's statements at summary judgment; such a swearing contest is one for the jury to resolve." *Jackson v. West*, 787 F.3d 1345, 1357 n.6 (11th Cir. 2015). This case does not present a situation where the record contains evidence that so blatantly contradicts the plaintiff's testimony as to render it utterly discredited and to preclude the existence of a genuine dispute of material fact. *See Joassin v. Murphy*, 661 Fed. App'x 558, 559-60 (11th Cir. 2016) (noting that "[plaintiff's] self-serving testimony is contradicted by the self-serving testimony of the prison officials who are either Defendants in this action or colleagues of the Defendants" and finding that prison investigator and nurse's declarations and inmate medical records did not blatantly contradict and utterly discredit the plaintiff's testimony). Accordingly, the court agrees with the magistrate judge that a genuine issue of material fact precludes summary judgment.

---

[1] The court recognizes that in his Motion to Dismiss Defendants' Affidavit, the plaintiff states that defendant Speaks called Officer O'Neal, whereas in the plaintiff's Affidavit, he states that defendant McLemore called Officer O'Neal. *See* Docs. 17 and 20.

Next, the defendants argue that the plaintiff has not met the objective and subjective prongs for an excessive force claim. Doc. 27 at 3. Specifically, the defendants argue that the "record undisputedly reflects that the minimal force used was applied" and that the plaintiff's alleged injuries are not supported by his body chart, medical records, or pictures. *Id.* at 3–4. But, the record does not "undisputedly reflect[]" that minimal force was used. After reviewing the evidence in the record, the magistrate judge found that the plaintiff had created a genuine issue of material fact as to whether he suffered more than a *de minimis* injury, Doc. 26 at 7–8; the court agrees. Moreover, although the plaintiff asserts that medical staff took pictures of his injuries, *id.* at 8, and the defendants assert that the plaintiff's injuries "are not supported by pictures taken at the health care unit," Doc. 27 at 4, the defendants have not submitted any pictures with their objections.

Furthermore, even if the plaintiff did not suffer a serious injury, the plaintiff's allegations that the defendants used excessive force against him cannot be discredited on that ground alone. That a prisoner has escaped serious injury does not mean he has not been subjected to unconstitutionally excessive force. The Supreme Court has recognized that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38-39 (2010) (explaining that the "core judicial inquiry" for an excessive force claim

3

under the Eighth Amendment is not based on the extent of the plaintiff's injury, but rather on "the nature of the force" used, i.e., "whether [the force] was nontrivial and 'was applied . . . maliciously and sadistically to cause harm'"); *see Pearson v. Taylor*, 665 Fed. App'x 858, 865 (11th Cir. 2016) (noting that "our inquiry is not whether [the plaintiff] met a certain arbitrary injury requirement," but "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm") (internal quotation marks omitted).

The defendants also argue that the "force used was applied in a good faith effort to maintain or restore discipline after the Plaintiff unexpectedly aggressively charged at Officer McLemore, when McLemore was resolving a security issue relating to the Plaintiff's cell door lock/latch." Doc. 27 at 3. This objection ignores the applicable standard of review. Taking the plaintiff's version of events as true, prison guards came to his cell after locking down the other inmates and told him to step in and face the wall. Doc. 1 at 4–5, 11; Doc. 20 at 1. After the plaintiff told defendant Speaks that he did not put anything in the door latch, defendant Speaks hit the plaintiff's face, and defendant McLemore hit the plaintiff in the back. *Id.* On this version of events, not only did the defendants attack the plaintiff in his cell, but they also attacked him again in the hallway. Doc. 1 at 11; Doc. 17 at 1. The plaintiff clearly disputes the defendants' account that he was being disruptive and posed a threat to staff. *Id.*; Doc. 20 at 1. Moreover, the plaintiff states that he wrote the

4

warden and told her that two officers had attacked him and that they were still "com[]ing around" him. Doc. 7. According to the plaintiff, the warden told him she would talk to his classification worker about transferring him to a safe place. *Id*. Indeed, the plaintiff was transferred to another facility after this incident. *Id*. Based on the record, the plaintiff has submitted sufficient evidence that the defendants' use of force was excessive.

The defendants' third objection appears to be a repetition of their second objection and bears no further discussion or analysis.

Based on the foregoing, there is sufficient evidence in the record to create a genuine issue of material fact as to whether the defendants used excessive force against the plaintiff. The court must accept as true the plaintiff's testimony about the force that was used against him, the lack of justification for the force, and the extent of force used. The court may not disregard direct testimony merely because the defendants deny that it happened or there is no medical evidence of a significant injury. The court may not assess the credibility of the plaintiff's testimony.

Accordingly, the defendants' objections are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendations.

Accordingly, the court **ORDERS** that the defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part.

Additionally, the Clerk is **DIRECTED** to revise the docket to reflect that Zackery McLemore and Keller Speaks are the proper defendants in this action. *See* Docs. 8 and 9.

This matter is **REFERRED** to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this 1st day of March, 2021.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE